UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GARY CASTERLOW-BEY,<br><br>               Plaintiff,<br>  v.<br><br>TACOMA NEWS TRIBUNE ET. AL.,<br><br>               Defendants. | Case No. C17-5947-BHS-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for **MARCH 30, 2018** |

This case has been referred to Magistrate Judge Theresa L. Fricke pursuant to 28 U.S.C. § 636(b)(1) and Local Rule MJR 3 and 4. This matter comes before the Court on plaintiff's filing of an application to proceed *in forma pauperis* and proposed complaint. Dkt. 1, 3.

Plaintiff has filed a prisoner civil rights action under 42 U.S.C. § 1983 against defendants Tacoma News Tribune and Google, claiming defamation, libel, and several other tort infractions for an article allegedly published in the Tacoma News Tribune and which appears if his name is searched using Google's search engine. Dkt. 1. Plaintiff alleges defendants' actions also violated his First, Fifth, and Fourteenth Amendment rights. *Id.* However, defendants are not state actors and as such are not liable under 42 U.S.C. § 1983. Because of this, plaintiff has failed to state a claim upon which relief can be granted. Therefore, the Court recommends the action be dismissed without prejudice for failure to state a claim and that plaintiff's motion to proceed *in forma pauperis* be denied.

## BACKGROUND

1   Plaintiff, at the time he commenced the instant action, was incarcerated at Pierce County
2   Jail. Plaintiff submitted a proposed 42 U.S.C. § 1983 complaint (Dkt. 1) to the Court on
3   November 8, 2017. The Clerk notified plaintiff by letter of deficiencies in his submission,
4   including that the filing fee requirement must be met and that plaintiff must either pay the
5   $400.00 filing fee or file a proper application for *in forma pauperis* (IFP) status. Dkt. 2. On
6   November 27, 2017, plaintiff filed a *pro se* Motion for Leave to Proceed In Forma Pauperis (Dkt.
7   3). The Clerk notified plaintiff by letter that his IFP application remained deficient and directed
8   him to correct the deficiency by December 18, 2017 (Dkt. 4). On December 8, 2017, plaintiff
9   corrected the deficiencies in his IFP. The Court has not yet granted plaintiff's IFP application or
10  served his complaint on defendant.

    In his proposed complaint, plaintiff alleges defendant Tacoma News Tribune published
12  "a false, inflammatory unsubstantiated article in its newspaper injecting into the public domain"
13  that plaintiff had confessed to being a police informant. Dkt. 1. He claims that this false
14  information appears when his name is entered into defendant Google's search engine and can be
15  seen by every potential customer buying plaintiff's books, attempting to book plaintiff for writers
16  seminars, or other public speaking engagements and book signings. *Id.* He further alleges that
17  because of the information contained in the article, one of his friends was killed, his son and
18  grandson assaulted, his car and residence shot at, and that he had been placed in protective
19  custody in jail and by the DOC to keep him safe from "disruptive groups, i.e. gangs." *Id.* Plaintiff
20  contends the defendants' actions are defamatory and libelous and violate his First, Fifth, and
21  Fourteenth Amendment rights under the U.S. Constitution, Washington state law, and constitute
22  racketeering activity and a RICO violation. *Id.* He seeks $5 million in compensatory, punitive,

REPORT AND RECOMMENDATION - 2

and consequential damages. *Id.* He also requests "recantation, apology, and removal" of this information from Google's search engine and in the Tacoma News Tribune. *Id.*

## DISCUSSION

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). This screening must take place "before docketing, if feasible or, in any event, as soon as practicable after docketing." *Id.* The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Id.*; *Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Ballistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990). Generally, before the Court may dismiss the complaint as frivolous or for failure to state a claim, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGucken v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Sparling v. Hoffman Construction, Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). However, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citing *Reddy v. Litton*

1  *Indus., Inc.*, 912 F.2d 291, 296 (9th Cir.1990); *Moore v. Kayport Package Express, Inc.*, 885
2  F.2d 531, 538 (9th Cir.1989)).
3        The first step in a § 1983 claim is to identify the specific constitutional right allegedly
4  infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To state a claim for relief under 42
5  U.S.C. § 1983, at least two elements must be met: (1) the alleged infringement must have been
6  proximately caused by a person acting under color of state law and (2) defendants' conduct must
7  have deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws
8  of the United States. *Paratt v. Taylor*, 451 U.S. 527, 535 (1981). A third element of causation is
9  implicit in the second element. *See Mt. Healthy City School Dist. Bd. Of Educ. v. Doyle*, 429
10 U.S. 274, 286-87 (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980), *cert denied*,
11 449 U.S. 875 (1980). Section 1983 is the appropriate avenue to remedy an alleged wrong only if
12 both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).
13       Here, plaintiff claims that the Tacoma News Tribune and Google have violated his civil
14 rights. A defendant may only be held liable under section 1983 if he acted under color of state
15 law. *Jensen v. Lane County,* 222 F.3d 570, 574 (9th Cir. 2000).
16       Here, plaintiff's complaint alleges private, non-state entities, the Tacoma News Tribune
17 and Google, published slanderous and libelous information about him. Plaintiff does not allege
18 that defendants are state actors, nor does he allege facts indicating that defendants personally
19 participated in depriving him of a constitutional protection. *Paratt*, 451 U.S. at 535. Rather, he
20 claims the information contained in the article was libelous, that persons gaining that information
21 are placing him in fear of violence, and that his close friend was killed over the information. Dkt.
22 1.

Mr. Casterlow-Bey alleges violations of his First, Fifth and Fourteenth Amendment rights but fails to allege any facts or cognizable theory that would support these claims. *Id.* Because plaintiff has not alleged that the Tacoma News Tribune and Google are state actors and that, as state actors, they personally participated in depriving him of his constitutional rights, plaintiff has not brought a claim for which relief can be granted. Furthermore, given the nature of plaintiff's claims, amendment here would be futile. *Saul*, 928 F.2d at 843 (citing *Reddy*, 912 F.2d at 296; *Moore*, 885 F.2d at 538).

The Court recommends dismissing the action without prejudice and denying plaintiff's motion to proceed *in forma pauperis*.[1]

## CONCLUSION

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **March 30, 2018** as noted in the caption.

Dated this 7th day of March, 2018.

Theresa L. Fricke
United States Magistrate Judge

---

[1] The Court also notes that plaintiff has brought at least two other actions against Google alleging similar claims in this court which were dismissed prior to service for failure to state a claim on the grounds that Google is a private company, not a state actor. *See Casterlow-Bey v. Google Internet Search Engine Company*, Dkt. 7, No. 17-5621-RBL-JRC; *Casterlow-Bey v. Google.com, Inc.*, Dkt. 3, No. 17-5764-RBL-JRC.

REPORT AND RECOMMENDATION - 5